## No. 8705.

OSCAR CZARNOWSKI VS. THE SUCCESSION OF MICHAEL ZEYER.

A graduate in medicine from the University of this State is not required to make and record an affidavit of having received his degree in order to enable him to sue for his fees. The statute upon that subject applies only to those whose diplomas are from other institutions.

The charges of a physician for services cannot be determined solely upon the basis of skill. The amount of the patient's estate, and his consequent ability to pay, also enter into the calculation and influence it.

APPEAL from the Twenty-sixth District Court, Parish of Jefferson. *Hahn*, J.

*Chas. S. Rice, Alfred E. Billings* and *H. Heidenheim* for Plaintiff and Appellant.

*R. Shackelford* for Defendant and Appellee.

---

The opinion of the Court was delivered by

MANNING, J.   The plaintiff sues upon a medical bill of $2,500. An exception was made to his right to recover, because he had not made affidavit that he had received the degree of doctor of medicine, and recorded the same.   He was graduated from the medical college of the University of this State.

An Act of 1855, re-enacting one of earlier date, authorizes one who has received the degree of doctor of medicine at that University to practice physic and surgery in this State.

In 1861 a law was passed that no one should be allowed to practice medicine without making affidavit of his having received his degree from a regular institution, which he was compelled to designate, which affidavit was to be transmitted to the parish recorder, and be recorded by him.   The penalty for failure to do this is inablity to collect fees or charges by legal process.   Rev. Stats. Secs. 2677–9.

The several Acts relating to physicians were reproduced in the revisal of 1870, the Act of 1855 therein appearing as Sec. 2634.

We construe these Acts together and as a whole, and we take them to mean that one graduated from our own University may practice without other act than receiving his diploma, while those who have diplomas from other schools must make affidavit as required by the statute already cited. No doubt the graduation from our own University was considered as a fact more within the ordinary cognisance of our own people than a graduation from a school outside the State, and therefore less needed to be verified by a sworn statement. Probably too there was some thought of a discrimination in favor of our own institution, which is neither improper nor unreasonable.

The exception was properly overruled.

The services were rendered to Michael Zeyer. He had stricture of the œsophagus, probably cancerous in its nature. He could not be fed through the mouth. Artificial means had to be resorted to, to dilate the passage through which food was conveyed into the stomach. The plaintiff accomplished it by inserting a flexible tube through which liquid nourishment was given him. It was temporary relief only. Finally that failed. The stricture became so complete and the œsophagus so rigid, that nourishment by the mouth had to cease. Enemas would not answer as a substitute. The man was in danger of starvation. Food around and before him in abundance, and no power to appropriate it—a modern Tantalus sitting on his own hearth-stone.

The physician determined to perform the operation of gastrotomy. This was difficult and dangerous. Two successive incisions were made, by the last of which an aperture was made to the stomach, through which food was injected. The first incision was made December 8th, the patient having been under the plaintiff's care since Oct. 30th. The man survived until December 29th.

It seems this surgery has not often been attempted, but it has sometimes been done successfully. Vehement asseverations of malpractice are made by the widow, who is the defendant as representative of her husband's succession. They are not well founded. Several physicians, as witnesses, do not sustain them.

The charge for the services is amply sustained by the testimony of these physicians. Some of them think it very moderate. We cannot take their estimate as an absolute guide. Suc. Duclos, XI Ann. 406. It includes fees for daily services from Oct. 30th to Dec. 8th at the plaintiff's office, for daily visits from then to the 29th at the patient's house across the river, and for the surgical operation.

There was an attempt to prove that Zeyer consented to submit to

the operation upon the plaintiff's assurance that it would prolong his life from two to five years. It must have been apparent to every one but the patient that his days were numbered. Death was not far off, but to him its horror was intensified by the lingering agony of the slow approach to it. He had not the courage to die of starvation. The surgical operation promised relief, and if not that, death under the knife was infinitely more welcome than by the throes of a stomach gnawed by unappeasable hunger. That torture is torment so great, that the ingenuity of a god could invent no greater, typefying it by a vulture ever devouring the vitals of Prometheus.

The patient did not require the persuasion. He was told the danger, and he prepared for the worst. He made his will, and submitted his body to the operation. The surgeon should be paid, but the charge is disproportionate to the man's estate and condition in life. His estate is inventoried at $8,705.

The lower court allowed five hundred dollars. We increase it to one thousand dollars.

It is therefore ordered and decreed that the judgment of the lower court is amended by increasing the sum therein mentioned to one thousand dollars, and as thus amended that it is affirmed.

Rehearing refused.